MELVIN, Assignee, etc., *v.* ROBINSON, Sheriff, etc., and others.

*(Circuit Court, D. Delaware. June Term, 1887.)*

COURTS—CONFLICT OF JURISDICTION—STATE COURTS.

Where property has been attached by process issued out of a state court, the jurisdiction of the state court, having first attached, cannot be interrupted or interfered with by writ of replevin issued out of a federal court, at the suit of a chattel mortgagee.[1]

Action of Replevin. Tried without a jury.
*Anthony Higgins,* for plaintiff.
*Bradford & Vandegrift,* for defendant.

WALES, J. The Pitts Agricultural Works sold to Joseph T. George and Rufus M. McIlvane a steam threshing rig, etc., and took from them, in part payment, their note for $675, due October 1, 1884, with a chattel mortgage of the machine as security. The mortgage bears date July 25, 1883, is in proper form, and was duly acknowledged and recorded in the recorder's office of Caroline county, Maryland. The note was not paid at its maturity, and on the third day of February, 1885, the Pitts Agricultural Company assigned the mortgage to George T. Melvin, the plaintiff in this action. On the ninth day of February, 1885, the mortgaged property, being in Kent county, Delaware, was seized and attached by the sheriff of that county, one of the defendants, by virtue of a writ of foreign attachment issued out of the superior court of Delaware, against McIlvane, at the suit of a creditor. Shortly after this seizure by the sheriff, to-wit, on the twenty-fourth of February, the same property was levied on by Constable Hutchins, the other defendant, at the suit of certain creditors of George, who had obtained judgments against him before a justice of the peace. On the tenth of February, 1885, Melvin began proceedings in the circuit court of the Second judicial circuit of the state of Maryland for the foreclosure of the mortgage, preliminary to a sale of the mortgaged property, and on the eleventh of March, 1885, sued out his writ of replevin in this court, by which he obtained possession of the chattel, carried it into Maryland, and afterwards sold it in accordance with the statutory requirements of that state governing the final disposition of mortgaged chattels.

---

[1] Respecting conflict of jurisdiction between courts of co-ordinate jurisdiction, see Kohn v. Ryan, *post,* 636; Senior v. Pierce, *ante.* 625; Connor v. Hanover Ins. Co., 28 Fed. Rep. 553, and note; Domestic & Foreign Miss. Soc. v. Hinman, 13 Fed. Rep. 165, and note; Davis v. Life Association of America, 11 Fed. Rep. 781, and note.

The question presented by the admitted facts in this case has been so frequently passed upon that it may be considered as having been conclusively settled and put beyond controversy; and a reference to a few adjudged cases will dispense with any further discussion.

In *Peck* v. *Jenness*, 7 How. 612, it was decided that a federal court could not oust a state court of its jurisdiction which had already attached. It was there held that—

"Where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity. For, if one may enjoin, the other may retort, and thus the parties be without remedy; being liable to process for contempt in one, if they dare to proceed in the other. Neither can one take property from the custody of the other by replevin, or any other process; for this would produce a conflict extremely embarrassing to the administration of justice."

In *Taylor* v. *Carryl*, 20 How. 583, the same doctrine is recognized and applied; and Chief Justice TANEY, although dissenting from its application to the facts of that case, approved the principle, and states it with great clearness as one "universally recognized by courts of justice,—that is, between courts of concurrent jurisdiction,—that the court that first obtains possession of the controversy, or of the property in dispute, must be allowed to dispose of it finally, without interference or interruption from the co-ordinate court. And this rule applies where the concurrent jurisdictions are two courts of the United States; or two courts of a state; or one of them the court of a state, and the other a court of the United States."

In *Freeman* v. *Howe*, 24 How. 450, the court, in referring to *Taylor* v. *Carryl*, say that the latter case decided "that according to the course of decision in the case of conflicting authorities under a state and federal process, and in order to avoid unseemly collision between them, the question as to which authority should for the time prevail did not depend upon the rights of the respective parties to the property seized,— whether the one was paramount to the other,—but upon the question, which jurisdiction had first attached by the seizure and custody of the property under its process."

See, also, *Hagan* v. *Lucas*, 10 Pet. 400; *Buck* v. *Colbath*, 3 Wall. 334; *Krippendorf* v. *Hyde*, 110 U. S. 276, 4 Sup. Ct. Rep. 27; *Covell* v. *Heyman*, 111 U. S. 176, 4 Sup. Ct. Rep. 355; *Heidritter* v. *Elizabeth O. C. Co.*, 112 U. S. 294, 5 Sup. Ct. Rep. 135.

It is thus clear, from these authorities, that the superior court of Delaware, having first acquired custody of the property in dispute, and the plaintiff in the writ of foreign attachment having the right to prosecute his suit in that court, cannot be interrupted or interfered with in proceeding to a final disposition of the case by a process issued out of a federal court, or out of any other court of concurrent jurisdiction. There would be no escape from this conclusion even had the plaintiff in the replevin action been without any other redress. But he was not

without his remedy, and is not now, unless he has waived his right. The state court is fully competent to hear and determine all matters in dispute between these parties, in relation to the ownership or right of possession of the attached property; or Melvin can still bring his action against the sheriff for a wrongful taking of his property. But he cannot maintain his present action in this court.

There must be judgment for the defendants.